J-S32030-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SMS FINANCIAL CH, LLC, ASSIGNEE OF PNC BANK, N.A. | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BOLUS TRUCK PARTS & TOWING, INC. AND ROBERT BOLUS | : | No. 542 MDA 2022 |
| Appellants | : | |

Appeal from the Order Entered March 7, 2022
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2017-00522

BEFORE:  PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED: OCTOBER 18, 2022**

Appellants, Bolus Truck Parts & Towing, Inc. and Robert Bolus, appeal from the trial court's March 7, 2022 order granting Appellee's, SMS Financial CH, LLC, Assignee of PNC Bank, N.A., motion to amend judgment.  In granting Appellee's motion, the trial court amended the judgment entered against Bolus Truck Parts & Towing, Inc., to reflect a judgment against Bolus Truck Parts & Towing Services, Inc.  After careful review, we affirm.

The trial court sets forth a thorough recitation of the facts and procedural history of this matter in its Pa.R.A.P. 1925(a) opinion.  **See** Trial Court Opinion ("TCO"), 4/29/22, at 2-7.  On appeal, Appellants raise the following issues for our review:

> 1. Wether [*sic*] the [c]ourt erred when it found that Appellee had standing to bring the within action when it was a foreign

corporation which had not registered to do business in Pennsylvania?

2. Wether [*sic*] the trial court erred in permitting the amendment of the caption to add a new party after the statute of limitations [*sic*]?

Appellants' Brief at ii.[1, 2]

In Appellants' first issue, they argue that the trial court "erred when it found that Appellee had standing to bring the within action when it was a foreign corporation which had not registered to do business in Pennsylvania." *Id.* at 3. They say that "Appellee has no right to bring any action within Pennsylvania in the absence of registering with the Department of State. The uncontradicted evidence shows significant activity within the [C]ommonwealth of Pennsylvania prior to bringing this action." *Id.* at 5. According to Appellants, "[i]n the absence of the necessary registration, all efforts and filings made by Appellee should be stricken." *Id.* Accordingly, they insist this action should be dismissed for lack of standing. *Id.* at 6.

---

[1] Though Appellants include a Statement of the Questions Involved section in their brief, they do not actually set forth any issues for our review therein. *See* Appellants' Brief at 3 (stating, *inter alia*, "Whether the trial court erred in?"). While we admonish Appellants for their lack of diligence in following our Rules of Appellate Procedure, *see* Pa.R.A.P. 2111, 2116(a), because we are able to glean from Appellants' brief the issues they wish to raise, we will overlook their noncompliance in this regard. *See* ***Werner v. Werner***, 149 A.3d 338, 341 (Pa. Super. 2016) ("Issues not presented in the statement of questions involved are generally deemed waived. However, such a defect may be overlooked where an appellant's brief suggests the specific issue to be reviewed and [the] appellant's failure does not impede our ability to address the merits of the issue.") (cleaned up).

[2] These questions are taken from the table of contents of Appellants' brief.

No relief is due on this basis. We have reviewed the detailed and well-reasoned opinion issued by the Honorable Julia K. Munley of the Court of Common Pleas of Lackawanna County. We conclude that Judge Munley's opinion accurately and thoroughly disposes of the standing issue raised by Appellants. TCO at 8-11. Accordingly, we adopt her opinion as our own with respect to this issue.

In Appellants' second issue, they aver that the trial court erred "in permitting the amendment of the caption to add a new party after the statute of limitations [had expired]." Appellants' Brief at 6. They advance that "an amendment to a pleading that adds a new and distinct party once the statute of limitations has expired is not permitted[,]" and that "the test is 'whether the right party was sued but under a wrong designation — in which event the amendment was permissible — or whether a wrong party was sued and the amendment was designed to substitute another and distinct party.'" *Id.* at 7 (citations omitted). Here, Appellants claim that the latter occurred, as Bolus Truck Parts & Towing Services, Inc. is purportedly a distinct entity from Bolus Truck Parts & Towing, Inc. *Id.* at 8. Thus, Appellants argue that the trial court should not have permitted the amendment. *See id.* at 9.

"It is settled that the trial court enjoys broad discretion to grant or deny a petition to amend pleadings. We therefore use an abuse of discretion standard in reviewing a trial court's order granting or denying a petition to amend." *Thom v. CDM Auto Sales*, 221 A.3d 681, 684 (Pa. Super. 2019) (cleaned up).

Again, we have reviewed the opinion of Judge Munley and conclude that her analysis correctly disposes of Appellants' amendment argument. **See** TCO 11-19.[3] Therefore, we adopt her opinion as our own with respect to this issue as well.

_____

[3] Judge Munley astutely observed in her opinion that, in **Thom**, this Court stated that, "under the current language of [Pa.R.Civ.P.] 1033(b), pleadings may not be amended to correct a party's name if more than 90 days have passed since the expiration of the statute of limitations." TCO at 15 (quoting **Thom**, 221 A.3d at 685; Judge Munley's brackets omitted). However, Judge Munley went on to explain why Rule 1033(b) had nevertheless been satisfied in this case, despite the passage of time. **See** Pa.R.Civ.P. 1033(b) ("An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party."); TCO at 17-18 ("[F]or the purposes of Rule 1033(b), Corporate Defendant received notice of the action [within the time afforded by the applicable statute of limitations,] and it was not prejudiced in maintaining a defense of the action on the merits. And further, based on the admission in [its] Answer, Corporate Defendant knew that the action would have been properly brought against it but for a mistake concerning the actual name of Corporate Defendant."). We note that Appellants make no mention of Rule 1033(b) or **Thom** in their argument, and therefore they have waived any issues relating to them.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2022

SMS FINANCIAL CH, LLC Assignee of : IN THE COURT OF COMMON PLEAS
PNC BANK, N.A. : OF LACKAWANNA COUNTY
      Plaintiff :

VS. : CIVIL ACTION – LAW

BOLUS TRUCK PARTS & TOWING :
SERVICES, INC. and ROBERT BOLUS :
      Defendants : 2017 – CV – 522

April 29, 2022                                   **MUNLEY, JULIA, J.**

<u>**OPINION PURSUANT TO RULE 1925(a)**</u>

This matter involves a post-judgment amendment to correct the name of the corporation

in this matter, from Bolus Truck Parts & Towing, Inc. to Bolus Truck Parts & Towing Services,

Inc[1]. As discussed further below, Plaintiff's predecessor PNC Bank, N.A. ("PNC") obtained

summary judgment in this action against Defendant Bolus Truck Parts & Towing, Inc and

judgment was entered against Corporate Defendant under that name. Much earlier in the

litigation when Defendants answered Plaintiff's Complaint, Defendants averred that the correct

name of Corporate Defendant was Bolus Truck Parts & Towing Services, Inc. Although

Defendants attempted to argue that Bolus Truck Parts & Towing, Inc. and Bolus Truck Parts &

Towing Services, Inc are different corporate entities, this Court granted Plaintiff's Motion to

Amend Judgment and Record in this Case to Correct the Name of the Defendant-Corporation to

Bolus Truck Parts & Towing Services, Inc. ("Motion to Amend Judgment") based on this early

judicial admission in Defendants' Answer and New Matter to the Complaint. Furthermore,

Plaintiff has sufficient legal standing to prosecute this action having been assigned the judgment

from PNC for collection purposes. For the reasons set forth below, this Court did not abuse its

---

[1] To avoid confusion, this Court refers to Defendant Bolus Truck Parts & Towing Services, Inc. as Corporate Defendant unless the circumstances warrant clarification. Defendant Robert Bolus is the President of Corporate Defendant.

discretion or otherwise commit an error of law in amending the judgment against Corporate Defendant to correct its name in the record.

## I. FACTS

PNC filed a Complaint asserting breach of contract against Defendants on January 20, 2017. Docket No. 1. PNC sued Corporate Defendant under the name Bolus Truck Parts & Towing, Inc. Id. at ¶ 2. PNC alleged that Corporate Defendant applied for and was granted a revolving line of credit by PNC and that Corporate Defendant defaulted under the agreement. Id. at ¶ 4, 6. At that time, PNC had a balance due in the amount of $100,916.43. Id. at ¶ 5. PNC also brought breach of contract claims against Defendant Robert Bolus, alleging that Mr. Bolus executed a personal guaranty. Id. at ¶ 15. Exhibits attached to the Complaint, the line of credit agreement and PNC's internal account details, also identify the Corporate Defendant under the name Bolus Truck Parts & Towing, Inc. Id. at Exhs. 1-2. The line of credit agreement identifies Bolus Truck Parts & Towing, Inc. as a Subchapter S Corporation. Id. at Exh. 1.

On March 20, 2017, both Defendants filed an Answer and New Matter. Docket No. 4. Defendants admitted in part and denied in part the allegation setting forth the name of Corporate Defendant. Defendants averred that "[t]he correct name of the corporation is Bolus Truck Parts and Towing Services, Inc." Id. at ¶ 2. The Answer and New Matter was verified by Mr. Bolus as follows:

I, Robert Bolus, President of Bolus Truck Parts & Towing Service, Inc., hereby state that I am the Defendant in this action and that the statements of fact made in the foregoing ANSWER AND NEW MATTER TO PLAINTIFF'S COMPLAINT are true and correct to the best of my information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. Cons. Stat. Section 4904 relating to unsworn falsifications to authorities.

Date: 3-20-17

Robert Bolus, President, Bolus Truck
& Parts Towing Service, Inc.

Id.[2]

PNC did not move to amend the Complaint, nor did it enter into any stipulation with Defendants based on Defendants' averments in the Answer and New Matter.

Defendants' prior counsel withdrew his appearance on December 27, 2017. Docket No. 7. Simultaneously, Mr. Bolus entered his appearance *pro se* on behalf of both Defendants[3]. Id. On April 12, 2019, PNC filed a Motion for Summary Judgment as to Bolus Truck Parts & Towing Inc. only. Docket No. 11. Corporate Defendant did not file a response or brief in opposition to PNC's Motion for Summary Judgment. However, Mr. Bolus was served with a scheduling order by the chambers of the Honorable Thomas J. Munley by hand delivery for oral argument on the Motion for Summary Judgment. Docket No. 13. The record reflects that Judge

---

[2] Notably, the above verification identifies Corporate Defendant as "Bolus Truck Parts & Towing Service, Inc," and as "Bolus Truck & Parts Towing Service, Inc."

[3] "Corporations may appear and be represented in Pennsylvania courts only by an attorney at law 'duly admitted to practice.'" David R. Nicholson, Builder, LLC v. Jablonski, 163 A.3d 1048, 1052 (2017), disapproved of on other grounds by Bisher v. Lehigh Valley Health Network, Inc., 265 A.3d 383 (Pa. 2021)(quoting Walacavage v. Excell 2000, Inc., 331 Pa.Super. 137, 480 A.2d 281, 284 (1984))(additional citations omitted).

Thomas Munley's chambers continued oral argument from May 30, 2019 to June 20, 2019. Id. Neither Corporate Defendant nor Mr. Bolus responded to PNC's Motion for Summary Judgment. The record is unclear as to whether Mr. Bolus appeared at the time of the rescheduled oral argument and there is no transcript of the proceedings available to this Court. On June 20, 2019, Judge Thomas Munley granted the Motion for Summary Judgment against Bolus Truck Parts & Towing, Inc. Docket No. 14. Judgment was entered in favor of PNC and against Bolus Truck Parts & Towing, Inc. on August 2, 2019 in the amount of $124,670.93 by the Lackawanna County Clerk of Judicial Records. Docket No. 15. On January 2, 2020, Plaintiff filed a praecipe to mark judgment for the use of assignee/transferee, attaching an assignment of the judgment from PNC to Plaintiff. Docket No. 16. Two praecipes for writs of execution were filed against Bolus Truck Parts & Towing, Inc. in January 2020. Docket Nos. 17, 18. An additional praecipe for writ of execution was filed on February 24, 2020 against Bolus Truck Parts & Towing, Inc. naming First National Bank, 601 W. Lackawanna Ave., Scranton, PA 18503 as garnishee. Docket No. 20.

Plaintiff also filed a Motion for Summary Judgment against Mr. Bolus on February 24, 2020. Docket No. 19. Mr. Bolus moved to stay a sheriff's sale on the judgment against Corporate Defendant by way of petition on February 27, 2020, asserting that he believed Plaintiff did not have a valid judgment against Defendants, citing the pending Motion for Summary Judgment against Mr. Bolus. Docket No. 21. Mr. Bolus also averred that he wished to secure counsel on behalf of the Corporate Defendant to challenge the entry of judgment against the Corporate Defendant. Id. This Court stayed the sheriff's sale by way of Order dated February 28, 2020 anticipating further proceedings. Docket No. 22. However, no challenge was raised to

the judgment against Corporate Defendant at that time. Mr. Bolus did not secure counsel for himself or for Corporate Defendant.

Plaintiff moved to lift the stay of the sheriff's sale on April 14, 2020. Docket No. 26. Mr. Bolus opposed. See Docket Nos. 27-28. Although filed on behalf of himself, Mr. Bolus asserted that Defendants' previous counsel was gravely ill and that Mr. Bolus did not receive notice of summary judgment proceedings against the Corporate Defendant. Id. This averment contradicts the face of the Scheduling Order issued by Judge Thomas Munley in May 2019, as detailed above, as a notation indicates that Mr. Bolus was served with notice of oral argument on that motion by hand delivery, presumably in Judge Thomas Munley's courtroom. On May 11, 2020, the undersigned issued an Order lifting the stay of the sheriff's sale. Docket No. 30.

Subsequently, Plaintiff filed a praecipe for writ of execution on June 22, 2020, again naming First National Bank as a garnishee. Docket No. 31. On July 24, 2020, First National Bank filed an Answer and New Matter to Interrogatories in Attachment. Docket No. 32. First National Bank asserted that it had "a deposit account in the name of Defendant, **Bolus Towing, Inc.**, Checking Account ending in No. 4501, which has a balance of $1,215.36 [...]" Id., ¶ 1 (emphasis added). The record is unclear as to whether this garnishment occurred. There is also no record of Defendants raising an objection to the use of an incorrect name for Corporate Defendant or otherwise challenging the garnishment.

In compliance with this Court's May 11, 2020 Order and the Lackawanna County Local Rules of Civil Procedure, Plaintiff filed a praecipe for assignment regarding the outstanding Motion for Summary Judgment against Mr. Bolus. Docket No. 31. Mr. Bolus opposed. In response to the Motion for Summary Judgment, Mr. Bolus stated that "Bolus Truck Parts & Towing, Inc. is a registered Pennsylvania Corporation." Docket Nos. 37, 38 at ¶ 15. This

response conflicts with other responses by Mr. Bolus in these proceedings. Also, as discussed further below, Bolus Truck Parts & Towing, Inc. is not a registered Pennsylvania corporation, per Defendants' exhibits.

On October 2, 2020, this Court granted Plaintiff's Motion for Summary Judgment against Mr. Bolus noting that Mr. Bolus failed to appear. Docket No. 40. Mr. Bolus filed a Motion for Reconsideration, citing his unfamiliarity with the videoconferencing software used to conduct oral arguments during the COVID-19 pandemic. Docket No. 42. This Court granted the Motion for Reconsideration and relisted the matter for oral argument. Docket No. 41. Mr. Bolus also failed to appear at that time. By way of an Order dated October 14, 2020, this Court affirmed summary judgment against Mr. Bolus and in favor of Plaintiff. Docket No. 43. Judgment was entered against Mr. Bolus on October 22, 2020 in the amount of $100,916.43. Docket No. 44. During the summary judgment phase, no party raised an issue regarding the name of Corporate Defendant.

Against the above backdrop, Plaintiff filed the Motion to Amend Judgment on October 18, 2021. Docket No. 48. Mr. Bolus initially filed a *pro se* response in opposition to the Motion to Amend Judgment October 28, 2021. In his response, Mr. Bolus made several averments worth noting here. In response to Plaintiff's averments that Corporate Defendant filed an Answer and New Matter to PNC's Complaint identifying the correct name of Corporate Defendant as Bolus Truck Parts & Towing Services, Inc., Mr. Bolus stated:

> 3. Denied. Defendant does not admit that the correct party to this suit is Bolus Truck Parts and Towing Services, Inc. because that entity had nothing to do with these allegations and is an entirely separate entity. Bolus was never asked any questions about this by counsel and recalls no conversation about this. That counsel, Attorney Christopher Arnone, was gravely ill during the course of this litigation and has since, unfortunately, passed away. Bolus would never verified such a response and any verification to

> anything in this litigation came about because Bolus was asked to sign verifications in mass quantity at the beginning of the representation and he bever verified or signed anything with respect to a particular document. [sic]

Docket No. 51 at ¶ 3.

Additionally, Mr. Bolus responded as follows:

> 6. [...] Bolus Truck Parts and Towing, Inc. is a D/B/A of Bolus Enterprises and was, in fact, the party involved with PNC Bank and the facts that gave rise to this litigation. Bolus Truck Parts and Towing Services, Inc. was never involved in any of the events giving rise to this litigation.

Id. at ¶ 6.

Present counsel entered an appearance for both Defendants at the time of the initial oral argument on Plaintiff's Motion to Amend Judgment on December 1, 2021. See also Docket No. 52. Following oral argument, the parties' filed briefs, attaching various exhibits discussed further below, and requested supplemental oral argument, which the Court permitted on March 2, 2022. Docket Nos. 54, 55, 56.

Following the above, this Court then granted Plaintiff's Motion to Amend Judgment on March 7, 2022. Defendants have timely appealed and timely filed a statement of matters complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

## II. ANALYSIS

From Defendants' nineteen (19) paragraph Rule 1925(b) submission, this Court identifies two primary alleged errors. First, Defendants allege that this Court erred in finding Plaintiff had sufficient legal standing to prosecute this action as a foreign business without a Certificate of Authority. Dfs. Statement of Errors, Docket No. 65 at ¶ 8. Next, Defendants allege that this Court erred in permitting Plaintiff to add a new party after the statute of limitations expired. Id. at ¶ 9. The remaining paragraphs correspond to these arguments.

### a. Plaintiff Does Not Need a Certificate of Authority Under the Associations Code

Defendants take issue with Plaintiff's status as a foreign business and allege that Plaintiff did not obtain a Certificate of Authority to conduct business in the Commonwealth of Pennsylvania. Thus, Defendants argue that Plaintiff cannot prosecute this action.

Based on the limited information of record, Plaintiff is a limited liability company with a business address in Arizona. Generally, "a foreign filing association[4] or foreign limited liability partnership may not do business in this Commonwealth until it registers with the [Pennsylvania Department of State]." 15 Pa. C.S. § 411(a)[5]. "To register to do business in this Commonwealth, a foreign filing association or foreign limited liability partnership must deliver a foreign registration statement to the department for filing." 15 Pa. C.S. § 412.

In its papers supporting its Motion to Amend Judgment and at oral argument, Plaintiff argued it does not "do business" in this Commonwealth and is not required to register with the Pennsylvania Department of State to collect the debt incurred by Defendants. After reviewing the plain language of the Associations Code, this Court agrees.

Section 403 of the Associations Code details activities that do not constitute doing business in the Commonwealth:

> (a) General rule.--Activities of a foreign filing association or foreign limited liability partnership that do not constitute doing business in this Commonwealth under this chapter shall include the following:

---

[4] Under the Associations Code, a "foreign filing association" is defined as a foreign association, the formation of which requires the filing of a public organic record. A "foreign association," refers to an association that is not a domestic association. The definition of "association" includes a limited liability company. 15 Pa. C.S. § 102.

[5] Section 4121, cited by Defendants, was repealed by 2014, Oct. 22, P.L. 2640, No. 172, § 25, effective July 1, 2015.

(1) Maintaining, defending, mediating, arbitrating or settling an action or proceeding. [...]

(8) Securing or collecting debts or enforcing mortgages or security interests in property securing the debts and holding, protecting or maintaining property so acquired. [...]

15 Pa. C.S. § 403(a).

"A foreign association is not 'doing business' solely because it resorts to the courts of Pennsylvania to recover an indebtedness, enforce an obligation, recover possession of personal property [...]" Committee Comment (2014) to 15 Pa. C.S. § 403. Moreover, "[...] a foreign association may obtain security for the repayment of a loan, and foreclose or enforce the lien or security interest to collect the loan, without being deemed to be doing business." Id.

In this matter, Plaintiff was assigned the judgment against Corporate Defendant and assigned the action against Mr. Bolus on the personal guaranty, prior to summary judgment being entered against Mr. Bolus. Plaintiff then obtained summary judgment against Mr. Bolus and is apparently working to execute on the judgments against both Defendants in Pennsylvania and in Florida. In this matter, Plaintiff is maintaining an action against Defendants and attempting to collect a judgment arising out of a default on a line of credit agreement. Under the Associations Code, Plaintiff is not doing business in Pennsylvania.

Defendants' exhibits containing references to marketing material on Plaintiff's website involving two recently closed commercial transactions in Pennsylvania were not persuasive. See Docket No. 55, Exh. D 1.1-1.5. Assuming that these marketing materials are true, these transactions lack any detail for substantive consideration. Moreover, in addition to the items above, a foreign filing association can sell through independent contractors without engaging in what is considered "doing business" in Pennsylvania for the purposes of the Associations Code. 15 Pa. C.S. § 403(a)(5). A foreign filing association can also create or acquire indebtedness,

mortgages, or security interests in property without doing business. 15 Pa. C.S. § 403(a)(6). A foreign filing association can also own property without doing business unless it conducts other activities in conjunction with owning that property. See 15 Pa. C.S. § 403(a)(10). There are numerous ways for Plaintiff to engage in commercial activity in this Commonwealth under the Associations Code without "doing business" for the purposes of registration with the Pennsylvania Department of State.

The cases cited by Defendants in opposition to Plaintiff's Motion to Amend Judgment are also not persuasive. In Drake Mfg. Co. v. Polyflow, Inc., the Superior Court of Pennsylvania reversed the trial court's denial of judgment n.o.v. in favor of the defendant holding that the plaintiff failed to submit a certificate of authority at trial and the trial court should not have permitted the plaintiff to prosecute the action. 109 A.3d 250, 258-61 (Pa. Super Ct. 2015)(citing former 15 Pa.C.S. § 4121(a)). Drake Mfg. Co. is distinguishable from this matter and included a more developed record. In Drake Mfg. Co., the trial record included evidence that the plaintiff did more than file suit or attempt to collect a debt. Id. at 261. The plaintiff in that case also maintained an office in Pennsylvania where it conducted business and entered into a contract with the defendant to ship industrial goods on dozens of occasions over an eight-month period. Id.; See also Leswat Lighting Systems, Inc. v. Lehigh Valley Restaurant Group, Inc., 444 Pa. Super. 281, 663 A.2d 783, 785 (1995)(shipment of lighting fixtures to Pennsylvania on six occasions over approximately six months constituted "doing business in the Commonwealth").

Here, Defendants pointed to two commercial transactions completed by Plaintiff in the Commonwealth of Pennsylvania over an unknown time frame as disclosed on Plaintiff's website. A foreign filing association does not conduct business in the Commonwealth for the purposes of

the Associations Code if it conducts "an isolated transaction that is not in the course of similar transactions." 15 Pa. C.S. § 403(a)(10).

Based on the information available and presented to the Court, Plaintiff is not "doing business" by prosecuting this matter and attempting to collect a debt. Thus, no certificate of authority was necessary here for Plaintiff to correct the name of Corporate Defendant.

b. **Plaintiff Sued the Correct Party Under the Wrong Designation and the Amendment Was a Simple Correction of Name, Not Adding a New Party**

An action in this Commonwealth must be prosecuted against a corporation or similar entity in its corporate name. Pa. R. Civ. P. 2177. A corporate name means "any name, real or fictitious, under which a corporation or similar entity was organized, or conducts business, whether or not such name has been filed or registered." Pa. R. Civ. P. 2176.

PNC brought suit against Corporate Defendant based on the corporate name used by Corporate Defendant when it opened the line of credit agreement. See Docket No. 1, Complaint, Exh. 1. PNC then obtained summary judgment against Corporate Defendant and assigned the judgment to Plaintiff. In trying to recover money to satisfy the judgment, Plaintiff apparently filed the judgment to the Circuit Court for Manatee County, Florida naming Corporate Defendant as Bolus Truck Parts & Towing, Inc. and also sought a writ of execution to obtain a lien on property there owned by Bolus Truck Parts & Towing Services, Inc. See Docket No. 55, Df. Br. in Opp. at p. 5-6. Presumably to pursue assets of Corporate Defendant in Florida, Plaintiff then moved to amend the judgment and correct the name of Corporate Defendant in the Lackawanna County Court of Common Pleas under Rule 1033.

Rule 1033 provides that:

(a) A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the

pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Id.

Rule 1033 "allows parties to correct the name of a party at any time either with the consent of the adverse party or by leave of court." Tork-Hiis v. Commonwealth, 558 Pa. 170, 175, 735 A.2d 1256, 1258 (1999)(citing Wicker v. Esposito, 500 Pa. 457, 457 A.2d 1260 (1983))[6]. "As can be seen from the clear language of Rule 1033, no limit is imposed on the time when an amendment may be made." Thom v. CDM Auto Sales, 221 A.3d 681, 684–85 (Pa. Super. Ct. 2019). "Thus, pleadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending, at trial, **after judgment**, or after an award has been made and an appeal taken therefrom." Id. at 685 (quoting Biglan v. Biglan, 479 A.2d 1021, 1025 (Pa. Super. Ct. 1984) and adding emphasis)(quotation marks, bracketing, and citations omitted); See also Sullivan v. Allegheny Ford Truck Sales, Inc., 283 Pa. Super. 351, 359, 423 A.2d 1292, 1295 (1980)("There is also no absolute limit on the time when an amendment can be made. It is within the discretion of the trial court to allow an amendment to pleadings even after a judgment and award has been made and an appeal taken therefrom.")(citations omitted).

As summarized by the Superior Court of Pennsylvania:

In order to secure a determination of cases on their merits the trial court should grant, whenever possible, a petition to change the name on a pleading. Jacob's Air Cond. v. Assoc. Heating, 366 Pa.Super. 430, 531 A.2d 494 (1987). However, if the other party suffers prejudice or surprise, the petition to change the name of a party will

---

[6] The Third Circuit Court of Appeals has referred to this as the "right party, wrong designation" theory of permitting amendment. See Greenway Ctr., Inc. v. Essex Ins. Co., 424 F. App'x 114, 116 (3d Cir. 2011).

not be permitted. Id., 366 Pa.Super. at 433, 531 A.2d at 496, citing Spain v. Vincente, 315 Pa.Super. 135, 461 A.2d 833 (1983); Robinson Protective Alarm Co. v. Bolger & Picker, 512 Pa. 116, 516 A.2d 299 (1986).

Furthermore, a plaintiff may not add a new party after the expiration of the applicable statute of limitations. Hoare v. Bell Tel. Co., 509 Pa. 57, 500 A.2d 1112 (1985). One rationale underlying this rule "... is to insure that assets originally not subject to liability will not become subject to liability through court action after the statute of limitations has run." Lafferty v. Alan Wexler Agency, Inc., 393 Pa.Super. 400, 407, 574 A.2d 671, 673–674 (1990). Therefore, in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of a party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. Jacob's Air Cond. v. Assoc. Heating, 366 Pa.Super. at 433, 531 A.2d at 496. **"If an amendment constitutes a simple correcting of the name of a party, it should be allowed,** Wicker v. Esposito, 500 Pa. 457, 457 A.2d 1260 (1983), **but if the amendment in effect adds a new party, it should be prohibited.** Cianchetti v. Kaylen, 241 Pa.Super. 437, 361 A.2d 842 (1976)." Jacob's Air Cond. v. Assoc. Heating, 366 Pa.Super. at 433, 531 A.2d at 496.

Zercher v. Coca-Cola USA, 438 Pa. Super. 142, 145–46, 651 A.2d 1133, 1134–35 (1994)(emphasis added)(footnote omitted).

More simply stated:

If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed. Hamilton v. Bechtel, 441 Pa.Super. 390, 657 A.2d 980 (1995). Important in this determination is whether different assets will be subject to liability by allowing the amendment. Powell v. Sutliff, 410 Pa. 436, 189 A.2d 864 (1963); Zercher v. Coca–Cola USA, supra.

Anderson Equip. Co. v. Huchber, 456 Pa. Super. 535, 541, 690 A.2d 1239, 1241 (1997).

Despite Defendants' arguments at this posture, the post-judgment amendment was a mere correction of the name of Corporate Defendant and was not the addition of a new party after the statute of limitations date passed and after judgment was obtained against both parties. At the

outset of this litigation, Corporate Defendant admitted that the correct name of Corporate Defendant is Bolus Truck Parts & Towing Services, Inc. See Ans., Docket No. 4, at ¶ 2.

"Statements of fact by one party in pleadings, stipulations, testimony, and the like, made for that party's benefit, are termed judicial admissions and are binding on the party." Coleman v. Wyeth Pharms., Inc., 6 A.3d 502, 524 (2010). Thus, Corporate Defendant is bound by the judicial admission in its Answer that the correct name of Corporate Defendant is Bolus Truck Parts & Towing Services, Inc. not Bolus Truck Parts & Towing, Inc.

Defendants' later attempts to walk back this admission are rife with conflicts. Mr. Bolus answered Plaintiff's summary judgment motion by averring that "Bolus Truck Parts & Towing, Inc. is a registered Pennsylvania Corporation." Docket Nos. 37, 38 at ¶ 15. The records later supplied by Defendants from the Pennsylvania Department of State indicate that this averment is not true. See Docket No. 55, Exh. D-4.1-4.3. In response to Plaintiff's Motion to Amend Judgment, Mr. Bolus answered with an averment that Bolus Truck Parts and Towing, Inc. is a D/B/A of Bolus Enterprises. Docket No. 51 at ¶ 6. Defendants' records from the Pennsylvania Department of State do not show a registered entity with the name Bolus Enterprises or a fictitious name registration for Bolus Truck Parts and Towing, Inc.

In their brief in opposition to Plaintiff's Motion to Amend Judgment, Defendants argued that "Bolus Truck Parts & Towing, Inc." is listed as a fictitious entity filed to [Pennsylvania Department of State] number 1517662 [EX. "D-4.3"] which was created on December 4, 1980 and is owned by Key Brockway, Inc." Docket No. 55. at p. 6. However, this is not an accurate statement when compared against the records supplied by Defendants. The state records show entries for "Bolus Truck Center," "Bolus Truck Parts," "Bolus Truck Parts & Towing Service, Inc.," "Bolus Truck Sales & Parts," "Bolus Truck Sales and Center," and "Bolus Truck Sales and

Center, Inc," but no actual entry for "Bolus Truck Parts & Towing, Inc." See Id., Exh. D-4.1-4.3. The fictitious entity registered to number 1517662 is not "Bolus Truck Parts & Towing, Inc," but rather "Bolus Truck Parts and Sales." From Defendants' exhibits, the only registered entity containing the words "Bolus" and "Towing" is Bolus Truck Parts & Towing Service, Inc. See Id. Exh D.-4.4-4.5.

Comparing the Pennsylvania Department of State records supplied by Defendants in opposition to Plaintiff's Motion to Amend Judgment with the record in this case, Corporate Defendant admitted that the correct party in this action was Bolus Truck Parts & Towing Services, Inc. and state records reflect a registered corporation named Bolus Truck Parts & Towing Service, Inc. Corporate Defendant defended this litigation despite the omission of a word in the corporate name when PNC initiated suit against Corporate Defendant. Whether due to the illness of Defendants' initial counsel or a lack of due diligence by the parties in this litigation, the name of Corporate Defendant was not corrected before PNC obtained a judgment against Corporate Defendant or after PNC assigned the judgment to Plaintiff. In granting Plaintiff's Motion to Amend Judgment, this Court is satisfied that a single word was omitted from the correct name of Corporate Defendant in this action and that correcting the name of Corporate Defendant after judgment does not result in the substitution of a new and distinct party after the statute of limitations date has passed. Furthermore, Defendants did not submit documentation that would indicate that the assets and liabilities of Bolus Truck Parts & Towing, Inc are different than the assets and liabilities of Bolus Truck Parts & Towing Services, Inc.

This Court is cognizant of discussion in Thom that "under the current language of Rule 1033[(b)], pleadings may not be amended to correct a party's name if more than 90 days have passed since the expiration of the statute of limitations." Id. Rule 1033(b) provides:

An amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

The explanatory comment to the current language of Rule 1033 provides clarification:

Currently, the Rules of Civil Procedure do not expressly permit an amendment correcting the name of a party against whom a claim is asserted to relate back without a showing of concealment when the statute of limitations has expired and the effect of that correction operates to add another party. However, case law has interpreted the Rules to permit such an amendment within the statute of limitations. Rule 1033 has been amended to expressly permit amendments correcting the name of the party against whom a claim is asserted to relate back to the date of the commencement of the action if within ninety days after the period provided by law for commencing the action, the party to be brought in by the amendment has received notice of the commencement of the action such that it will not be prejudiced in obtaining a defense on the merits, and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Consider the following example: Harry Roberts, who resides at 949 Alcoma Street, Pittsburgh, PA, was the driver of an automobile which struck the plaintiff when he was crossing the intersection at Grant and Forbes Street, Pittsburgh, PA, at approximately 11:00 a.m. on October 11, 2013. The plaintiff's complaint, filed on October 2, 2015, mistakenly identifies the driver as Henry Rosen. He is the only named defendant in the complaint.

On October 7, 2015, the Sheriff made service by serving Mary Roberts at 949 Alcoma Street, Pittsburgh, PA. She is described in the Sheriff's Return as the wife of the defendant. On January 2, 2016, the complaint is amended to correct "Henry Rosen" to "Harry Roberts."

The amendment of Rule 1033 expressly permits the plaintiff to amend the complaint to correct the name of the defendant to Harry Roberts, because it is clear from the body of the complaint that the

plaintiff was suing the driver of the automobile which struck the plaintiff and service of the complaint furnished sufficient notice to Harry Roberts that a lawsuit has been initiated against him for actions he is liable for even though the defendant is identified on the complaint as Henry Rosen. This is consistent with existing case law and codifies current practice.

The Federal Rules of Civil Procedure and a majority of states have rules of procedure governing the relation back of amendments, which are similar to this amendment. The interests of justice are served by a rule of civil procedure permitting a party to correct a complaint that provides an incorrect name of a party when there is no prejudice to the party brought in by the amendment.

The amendment of Rule 1033 does not alter the concealment doctrine and the discovery rule. The amendment is intended to cover situations in which neither the concealment doctrine nor the discovery rule apply.

Pa. R. Civ. P. 1033, Explanatory Comment – 2017

This Court carefully considered Rule 1033(b), the Explanatory Comment detailed above, and Thom prior to entering its decision. Defendants assert that the amendment adds a new party after the statute of limitations date passed and that the five-year period between the institution of this action and the Motion to Amend is an unreasonable length of time. In this matter, Corporate Defendant was served under the name Bolus Truck Parts & Towing, Inc. on February 2, 2017. Docket No. 2. Mr. Bolus was served on March 13, 2017. Docket No. 4. Defendants raised their defenses to PNC's claims in their Answer and New Matter on March 20, 2017. Docket No. 5. The Honorable Thomas Munley granted PNC's Motion for Summary Judgment on June 20, 2019. Docket No. 14. Judgment was entered in favor of PNC and against Bolus Truck Parts & Towing Inc. on August 2, 2019. Docket No. 15. All of the above occurred within the time afforded by the statute of limitations applicable in this action. See 42 Pa.C.S. § 5525(a). Thus, for the purposes of Rule 1033(b), Corporate Defendant received notice of the action and it was not prejudiced in maintaining a defense of the action on the merits. And further, based on the

admission in Defendants' Answer, Corporate Defendant knew that the action would have been properly brought against it but for a mistake concerning the actual name of Corporate Defendant. This Court finds that Rule 1033(b) has been satisfied despite the passage of time in this case.

To the extent that Defendants argue that the passage of time has prejudiced them, this Court has been instructed from Thom as follows:

> [...] [t]he fundamental purpose of this rule is to prevent cases from turning on purely technical defects.... [H]ypertechnicality and formalism in pleading are contrary to modern practice of allowing free amendment in order to promote resolution of cases on their merits." Biglan, 479 A.2d at 1026 (citations omitted). Nonetheless, a trial court may deny amendment of pleadings if there is resulting prejudice or surprise to the adverse party. Id. "[P]rejudice, in turn, must be more than a mere detriment to the other party because any amendment requested certainly will be designed to strengthen the legal position of the amending party and correspondingly weaken the position of the adverse party." MacGregor v. Madiq Inc., 576 A.2d 1123, 1126 (Pa. Super. 1990) (citation omitted). In Capobianchi v. BIC Corp., 666 A.2d 344 (Pa. Super. 1995), we noted that prejudice sufficient to deny amendment of the pleadings "must be more than a mere detriment to the other party[.]" Id. at 346. The "fact that the adverse party has expended time and effort in preparing to try a case against the amending party is not such prejudice as to justify denying the amending party leave to amend[.]" Id. (citation omitted). Indeed, "[d]enial of a petition to amend, based on nothing more than unreasonable delay, is an abuse of discretion." Id. at 347 (citation omitted).

221 A.3d at 685 (emphasis added).

Although five years have passed since PNC and thus Plaintiff were on notice of the correct name of Corporate Defendant, not amending the judgment at this stage would hinder Plaintiff from pursuing the assets of Defendants to collect on the judgments based solely on a purely technical defect. The passage of time does not sufficiently prejudice Defendants as they had notice of PNC's and Plaintiff's claims against Corporate Defendant, albeit under an incorrect name. Furthermore, Defendants had a full and fair opportunity to litigate this action.

## III. CONCLUSION

For the above reasons, this Court did not abuse its discretion or otherwise commit an error of law when it granted Plaintiff's Motion to Amend Judgment.

**BY THIS COURT:**

_____, J.
HONORABLE JULIA K. MUNLEY

cc:    *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa. R. Civ. P. 236 (a) and (d) by transmitting time-stamped copies to:*

John Murphy, Esq.
Cipriani & Werner, P.C.
415 Wyoming Ave,
Scranton, PA 18503
jmurphy@c-wlaw.com
**Attorney for Plaintiff**

Michael R. Mey, Esq.
Mey & Sulla, LLP
1144 East Drinker Street
Dunmore, PA 18512
mmey@meysullalaw.com
**Attorney for Defendants**

SMS FINANCIAL CH, LLC Assignee of : IN THE COURT OF COMMON PLEAS
PNC BANK, N.A. : OF LACKAWANNA COUNTY
        Plaintiff :
  :
VS. : CIVIL ACTION – LAW
  :
BOLUS TRUCK PARTS & TOWING, :
INC. and ROBERT BOLUS :
        Defendants : 2017 – CV -522

### ORDER

AND NOW this _____ day of March, 2022, upon consideration of Plaintiff's Motion to Amend Judgment and Record in this Case to Correct the Name of the Defendant Corporation to Bolus Truck Parts & Towing Services, Inc., Defendant Robert Bolus's response, the briefs filed by Plaintiff and Defendant Bolus Truck Parts & Towing, Inc., and after oral argument, it is **HEREBY ORDERED** as follows:

1) Plaintiff's Motion to Amend Judgment is **GRANTED**.

2) The judgment against Bolus Truck Parts & Towing, Inc. entered on the judgment docket in the above matter is **AMENDED** to reflect a judgment against Bolus Truck Parts & Towing Services, Inc.

**BY THIS COURT:**

_____, J.
HONORABLE JULIA K. MUNLEY

cc: *Written notice of the entry of the foregoing Order has been provided to each party pursuant to Pa. R. Civ. P. 236 (a) and (d) by transmitting time-stamped copies to:*

John Murphy, Esq.
Cipriani & Werner, P.C.
415 Wyoming Ave,
Scranton, PA 18503
jmurphy@c-wlaw.com
**Attorney for Plaintiff**

Michael R. Mey, Esq.
Mey & Sulla, LLP
1144 East Drinker Street
Dunmore, PA 18512
mmey@meysullalaw.com
**Attorney for Defendants**